UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROOSEVELT JACKSON, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-1392 |
| | ) | |
| TERI KENNEDY, et. al., | ) | |
|    Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The *pro se* Plaintiff alleges Warden Teri Kennedy, the City of Pontiac, and Illinois American Water Company violated his constitutional rights at Pontiac Correctional Center. Plaintiff says from May 20, 2018 to the filing of his complaint, he was forced to drink contaminated water at the facility. Plaintiff explains the water has visible "black stuff" which stains his cup. (Comp., p. 5). Plaintiff says he needs to drink a lot of water because he only has one kidney.

In September of 2020, the Warden notified inmates that two inmates were receiving treatment at an outside hospital for Legionnaires' disease which is a severe

1

form of pneumonia. Most people catch the disease by inhaling a bacterium from water or soil.[1]

> Legionnaires' disease is not passed from person to person. Illnesses are most commonly associated with buildings that have complex water systems like correctional facilities. Most healthy people do not get Legionnaire's disease after being exposed to Legionella bacteria. I can assure you we are taking this situation seriously and implementing all necessary measures to ensure your health and safety. (Comp., p. 13, Warden's memo).

The facility began testing water quality at an outside laboratory, and the Illinois Department of Public Health also began collecting information about the water quality at Pontiac Correctional Center.

Plaintiff has attached a grievance dated May 20, 2018 indicating he complained about the quality of the water two years ago and he was told it was tested daily and considered safe to drink. Plaintiff says the Defendants were "deliberately indifferent and (failed) to protect inmate's from exposed contaminated water that caused a serious risk and future harm and risk to inmate's safety." (Comp., p. 6).

The constitution requires humane conditions of confinement including adequate food and water. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment specifically prohibits deliberate indifference to an inmate's health and safety including future health risks. *Id.* at 845; *Helling v. McKinney*, 509 U.S. 25 (1993). Prison officials violate an inmate's constitutional rights in conditions-of-confinement cases when the alleged deprivation is "sufficiently serious" and the officials "knew that the inmate

---

[1] *See* MAYO CLINIC, LEGIONNAIRES' DISEASE, http //www.mayoclinic.org/diseases-conditions/legionnaires-disease/symptoms-causes/syc-20351747, last visited Dec. 9, 2020.

faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

For the purpose of notice pleading, Plaintiff has adequately alleged stated a violation of his Eighth Amendment rights based on his living conditions, rather than on a failure to protect. *See Ontiveros v. Eldridge*, 2020 WL 1853003, at *3-4 (E.D.Cal. April 13, 2020)(plaintiff alleges Eighth Amendment claim based on exposure to legionnaire bacteria in water); *Wheeler v. Wetzel*, 2015 WL 13710908, at *1 (W.D.Pa. June 29, 2015)(plaintiff adequately alleges wardens were deliberately indifferent to his serious medical needs after they knowingly allowed him to drink water contaminated with Legionnaire's disease leading to illness); *but see Hunter v. Davis*, 2017 WL 7733137, at *2 (N.D.Cal. Feb. 28, 2017)(plaintiffs claim that prison staff failed to adequately maintain a cooling tower leading to an outbreak of Legionnaires' disease states negligence claim, not federal claim of deliberate indifference).

In addition, Plaintiff has adequately alleged the Warden was aware of the systematic problem with water quality at the correctional center. *See Riley v. Illinois,* 2014 WL 3396531, * 4 (N.D. Ill. July 10, 2014) (allowing claim pertaining to potentially systemic water contamination at Stateville to proceed against the warden and IDOC director); (*Truidalle v. Taylor,* 2011 WL 6780690, *6 (N.D. Ill Dec. 23, 2011) (same).

Plaintiff has not articulated a claim against the American Water Company or the City of Pontiac.[2] Plaintiff does not allege there were similar problems with the water outside the correctional center. Instead, Plaintiff was advised the problem was "commonly associated with buildings that have complex water systems like correctional facilities." (Comp., p. 13, Warden's memo). There is no indication from the complaint that either the water company or the city was responsible for the water system within the prison.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Pontiac Warden Teri Kennedy was deliberately indifferent to his health and safety and future health and safety based on knowingly providing contaminated drinking water. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as

---

[2] It is not clear whether Plaintiff intended to sue the City of Pontiac since the city is identified only in the caption of the complaint, not the list of Defendants.

Plaintiff has not articulated a claim against the American Water Company or the City of Pontiac.[2] Plaintiff does not allege there were similar problems with the water outside the correctional center. Instead, Plaintiff was advised the problem was "commonly associated with buildings that have complex water systems like correctional facilities." (Comp., p. 13, Warden's memo). There is no indication from the complaint that either the water company or the city was responsible for the water system within the prison.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Pontiac Warden Teri Kennedy was deliberately indifferent to his health and safety and future health and safety based on knowingly providing contaminated drinking water. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as

---

[2] It is not clear whether Plaintiff intended to sue the City of Pontiac since the city is identified only in the caption of the complaint, not the list of Defendants.

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants City of Pontiac and Illinois American Water Company for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendant pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling**

**deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 9th day of December, 2019.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE